UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERIC LAQUINCE BROWN, | No. ED CV 13-02398-DMG (VBK) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| CALIFORNIA ATTORNEY GENERAL, et al., | |
| Respondents. | |

On December 31, 2013, Eric LaQuince Brown (hereinafter referred to "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. §2254 ("Petition") in the United States District Court for the Central District of California. The Petition is directed to a conviction for second degree robbery sustained in the Los Angeles County Superior Court on September 21, 2005. Petitioner was sentenced on December 7, 2005 to 16 years in state prison. (See Petition at 2.)

Petitioner appealed his conviction. On January 19, 2007, the California Court of Appeal affirmed Petitioner's conviction. (Petition at 3.)

Petitioner did not file a Petition for Review in the California Supreme Court. (Petition at 3.)

Upon initial review, it appears that the Petition is time-barred. Since the Petition was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, the Court's consideration of the Petition's timeliness is governed by 28 U.S.C. §2244(d), as amended by the AEDPA. See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 523 U.S. 1061 (1998).[1]  That section provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

[1] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998)(en banc), cert. denied, 119 S. Ct. 1377 (1999).

        made retroactively applicable to cases on collateral review; or,

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Under § 2244(d)(1)(A), the statute begins to run at the completion of direct review in the state courts. On September 21, 2005, Petitioner was convicted. Petitioner filed a direct appeal in the California Court of Appeal which was denied on January 19, 2007. Petition did not file a Petition for Review in the California Supreme Court. (<u>See</u> Petition at 3.) Thus, Petitioner's conviction became final on February 28, 2007, 40 days after the California Court of Appeal's decision. (<u>See</u> Cal. Rules of Court, Rules 24(a), 28(b), 45(a).) Petitioner had until February 28, 2008, in which to timely file a federal habeas petition. <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir. 2002).

Here, Petitioner filed his Petition on December 31, 2013. The Petition was filed approximately five years after the statute of limitations expired and is facially untimely, absent any statutory or equitable tolling.

The running of the AEDPA's one-year time limitation is tolled for the time period during which a properly filed application for post-conviction or other state collateral review is pending in state court.

See 28 U.S.C. §2244(d)(2); Evans v. Chavis, 546 U.S. 189, 193-194 (2006). The statute is tolled from "the time the first state habeas was filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. (2000).

Statutory tolling under AEDPA may include the time between properly filed state petitions, so long as the prisoner is attempting, "through proper use of state court procedures," to exhaust his state court remedies. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); accord, Carey v. Saffold, 536 U.S. 214 (2002). Such "gap tolling," however, is available only insofar as a petitioner is pursuing "one complete round of the state's established appellate review process." Nino, 183 F.3d at 1005; see also Saffold, 122 S.Ct. at 2138; Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).

Here, it appears from the face of the Petition that Petitioner's collateral challenges were filed too late.[2] See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.)(holding that §2244(d) "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

The Ninth Circuit has held that the District Court has the authority to raise the statute of limitations issue sua sponte when

---

[2] The Court notes on pages 3 and 4 of the Petition that Petitioner filed a habeas petition in the California Court of Appeal which was denied on April 11, 2012. Petitioner filed a habeas petition in the California Supreme Court which was denied on February 20, 2013. These petitions were filed approximately four years after the one-year statute of limitations expired.

4

1 untimeliness is obvious on the face of the petition, and to summarily
2 dismiss the petition pursuant to Rule 4 of the Rules Governing §2254
3 Cases in the United States District Courts, so long as the Court
4 "provides the petitioner with adequate notice and an opportunity to
5 respond."  See <u>Day v. McDonough</u>, 547 U.S. 198 (2006); <u>Nardi v.
6 Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d
7 1039, 1042-43 (9th Cir. 2001).

8 **IT IS THEREFORE ORDERED** that on or before February 10, 2014
9 Petitioner show cause in writing, if any, why the Court should not
10 recommend that the Petition be dismissed on the grounds of
11 untimeliness.

13 DATED:  January 8, 2014                    /s/
                                           VICTOR B. KENTON
14                                         UNITED STATES MAGISTRATE JUDGE

5