UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ERIC LAQUINCE BROWN, | ) | No. ED CV 13-02398-DMG (VBK) |
| | ) | |
| Petitioner, | ) | ORDER ACCEPTING FINDINGS AND |
| | ) | RECOMMENDATIONS OF UNITED STATES |
| v. | ) | MAGISTRATE JUDGE |
| | ) | |
| TIM PEREZ, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pursuant to 28 U.S.C. §636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in de novo review of those portions of the Report to which Petitioner has objected, as well as Petitioner's Request to Vacate, Etc.

//

//

//

//

//

//

1    The Court **ORDERS** that: (1) the Findings and Recommendations of
2  the Magistrate Judge are accepted, (2) Petitioner's Request to Vacate
3  [Doc.# 21] is DENIED; and (3) a Certificate of Appealability ("COA")
4  is DENIED.[1]

5

6  DATED: November 24, 2014

   DOLLY M. GEE
7  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14  _____

15    [1]    Under 28 U.S.C. §2253(c)(2), a COA may issue "only if the
applicant has made a substantial showing of the denial of a
16 constitutional right." Here, the Court has accepted the Magistrate
Judge's finding and conclusion that the Petition is time-barred.
17 Thus, the Court's determination of whether a COA should issue here is
governed by the Supreme Court's decision in <u>Slack v. McDaniel</u>, 529
18 U.S. 473, 120 S. Ct. 1595 (2000), where the Supreme Court held that,
"[w]hen the district court denies a habeas petition on procedural
19 grounds without reaching the prisoner's underlying constitutional
claim, a COA should issue when the prisoner shows, at least, that
20 jurists of reason would find it debatable whether the petition states
a valid claim of the denial of a constitutional right and that jurists
21 of reason would find it debatable whether the district court was
correct in its procedural ruling." 529 U.S. at 484. As the Supreme
22 Court further explained:
      "Section 2253 mandates that both showings be made before the
23    court of appeals may entertain the appeal. Each component
      of the § 2253(c) showing is part of a threshold inquiry, and
24    a court may find that it can dispose of the application in
      a fair and prompt manner if it proceeds first to resolve the
25    issue whose answer is more apparent from the record and
      arguments." <u>Id.</u> at 485.
26 Here, the Court finds that Petitioner has failed to make the
27 requisite showing that "jurists of reason would find it debatable
whether the district court was correct in its procedural ruling."
28